**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>PUBLIC UTILITIES COMMISSION OF NEVADA,<br><br>                    Defendant. | 3:19-cv-00722-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Fulkerson cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.  SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

1  claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
2  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3  The Court must accept as true the allegations, construe the pleadings in the light
4  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*
5  *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints
6  are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*
7  *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

8  A complaint must contain more than a "formulaic recitation of the elements of a cause
9  of actions," it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
11 must contain something more. . . than. . . a statement of facts that merely creates a suspicion
12 [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a
13 minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible
14 on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15 A dismissal should not be without leave to amend unless it is clear from the face of
16 the complaint the action is frivolous and could not be amended to state a federal claim, or
17 the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,
18 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19 **III.    SCREENING OF COMPLAINT**

20 In his complaint, Fulkerson sues Defendant Public Utilities Commission of Nevada
21 under 28 U.S.C. § 1331 for purported violations of his "right to privacy, right to free speech,
22 right to a healthy environment, and rights to not be linked to foreign scams." (*See* ECF No.
23 1-1.) Fulkerson alleges the defendant is responsible for regulating telecommunications in
24 the state of Nevada and they are "at fault for allowing these federal violations to happen."
25 (*Id.* at 4.) Fulkerson seeks in excess of $250,000 in actual damages, and in excess of
26 $2,500,000 in punitive damages. (*Id.*)

27 Fulkerson's complaint is rambling and nonsensical. Dismissal on those grounds

1  alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint
2  contain "a short and plain statement of the claim showing that the pleader is entitled to relief,
3  in order to give the defendant fair notice of what the . . . claim is and the grounds upon which
4  it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Here, Fulkerson's
5  largely incomprehensible narrative makes it nearly impossible for the court to identify the
6  factual or legal basis for his claims.

7  Further, the court notes that the allegations in this case are similar to those in a
8  companion case filed by Fulkerson, Case No. 3:20-cv-0007-RCJ-WGC. That case also
9  names the PUCN as a defendant, in addition to AT&T Corporation. (*See* ECF No. 1, Case
10 No. 3:20-cv-0007-RCJ-WGC.) Duplicative litigation by a plaintiff proceeding *in forma*
11 *pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato*, 70 F.3d at
12 1105 n.2 (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that
13 repetitious litigation of virtually identical causes of action is subject to dismissal as
14 malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is
15 malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal
16 lawsuit by the same plaintiff). While the companion case was filed after the instant case,
17 Fulkerson paid the filing fee in the 3:20-cv-0007 case and two motions to dismiss are
18 currently pending.

19 As such, the court recommends that the complaint be dismissed, with prejudice, as
20 amendment would be futile. *See Cato*, 70 F.3d at 1106.

21 **IV.   CONCLUSION**

22 For the reasons articulated above, the court recommends that Fulkerson's application
23 to proceed *in forma pauperis* (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be
24 dismissed, with prejudice, as amendment would be futile.
25 The parties are advised:
26 1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
27 Practice, the parties may file specific written objections to this Report and Recommendation

within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** March 23, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**